WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tracy Douglas Hoops,<br><br>           Plaintiff,<br><br>vs.<br><br>Joseph M. Arpaio, et al.,<br><br>           Defendants. | No. CV 14-00043-PHX-RCB (BSB)<br><br>**O R D E R** |

Plaintiff Tracy Douglas Hoops, who is confined in the Maricopa County Lower Buckeye Jail, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1) and an Application to Proceed *In Forma Pauperis* (Doc. 2). The Court will dismiss the Complaint with leave to amend.

**I.     Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of $8.00. The remainder of the fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

. . . .

. . . .

JDDL-K

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citation omitted).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (citation omitted). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a pro se prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an

1 opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203
2 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc). Here, Plaintiff fails to state a claim upon
3 which relief can be granted in his Complaint, but it appears that the Complaint could be
4 cured by allegations of other facts. Accordingly, Plaintiff's Complaint will be dismissed
5 without prejudice and Plaintiff will be given an opportunity to amend.

**III. Complaint**

In his Complaint, Plaintiff alleges one count against Sheriff Joseph Arpaio and John Doe, a floor officer during the second shift detention at Lower Buckeye Jail. Plaintiff alleges as follows: On or before August 6, 2013, Plaintiff sent privileged legal mail to his criminal defense attorney. The mail was photocopied by Inmate Legal Services and the copy was returned through inmate mail. John Doe, without verifying the inmate name against the inmate identification handed Plaintiff's legal mail to another inmate. The contents of the letter contained facts about Plaintiff's extensive involvement with law enforcement and jail intelligence, including details about cases for which Plaintiff is a state's witness. This is the second time this has occurred with Plaintiff's legal mail. This put Plaintiff's life in danger from three separate prison gangs and members of the Russian mafia. This could have been avoided if John Doe had verified the inmate name on the name band. Sheriff Joseph Arpaio directs policy within the Maricopa County Jails. Plaintiff claims he has suffered "[t]hreat of death," possible unknown damages to his criminal case, slander, and loss of freedom. As relief, Plaintiff seeks monetary damages.

**IV. Failure to State a Claim**

To prevail in a § 1983 claim, a plaintiff must show that (1) acts by the defendants (2) under color of state law (3) deprived him of federal rights, privileges or immunities and (4) caused him damage. *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163-64 (9th Cir. 2005) (quoting *Shoshone-Bannock Tribes v. Idaho Fish & Game Comm'n*, 42 F.3d 1278, 1284 (9th Cir. 1994)). In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an

affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

### A. Sheriff Joseph Arpaio

Plaintiff fails to state a claim against Defendant Arpaio in his Complaint. "A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). For an individual to be liable in his official capacity, a plaintiff must allege that the official acted as a result of a policy, practice, or custom. *See Cortez*, 294 F.3d at 1188 (citation omitted). Further, there is no respondeat superior liability under § 1983, so a defendant's position as the supervisor of someone who allegedly violated a plaintiff's constitutional rights does not make him liable. *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658, 691 (1978); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (citation omitted). A supervisor, in his individual capacity, "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor*, 880 F.2d at 1045.

The only fact in Plaintiff's Complaint about Defendant Arpaio is that he sets policy for the Maricopa County Jails. However, Plaintiff does not allege facts to support that Plaintiff's constitutional rights were violated as a result of a specific policy or custom promulgated or endorsed by Arpaio. Moreover, Plaintiff does not allege that Arpaio directly violated his constitutional rights. Accordingly, Plaintiff fails to state a claim against Arpaio and he will be dismissed.

### B. John Doe

Plaintiff designates his claim as a threat to safety claim. Typically, to state a claim for threat to safety, an inmate must allege facts to support that he was incarcerated under conditions posing a substantial risk of harm and that prison officials were "deliberately indifferent" to those risks. *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994). To adequately allege deliberate indifference, a plaintiff must allege facts to support that a

defendant knew of, but disregarded, an excessive risk to inmate safety. *Id.* at 837. That is, "the official must both [have been] aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed], and he must also [have] draw[n] the inference." *Id.*

Deliberate indifference is a higher standard than negligence or lack of ordinary due care for the prisoner's safety. *Farmer*, 511 U.S. at 835. "Neither negligence nor gross negligence will constitute deliberate indifference." *Clement v. California Dep't of Corr.*, 220 F.Supp.2d 1098, 1105 (N.D. Cal. 2002); *see also Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (mere claims of "indifference," "negligence," or "medical malpractice" do not support a claim under § 1983).

Plaintiff does not allege facts to support that Defendant Doe was deliberately indifferent to a risk to Plaintiff's safety. Plaintiff's allegations that Defendant Doe gave one piece of his legal mail to another inmate may state a claim for negligence, but there are no facts alleged demonstrating the Defendant Doe was deliberately indifferent to a risk to Plaintiff's safety. Plaintiff does not allege facts demonstrating that Defendant Doe deliberately gave Plaintiff's mail to the wrong inmate, that Defendant Doe knew the contents of the mail, that Defendant Doe knew that Plaintiff's safety could be endangered by the contents of the mail, or any other facts demonstrating that Defendant Doe acted with deliberate indifference to Plaintiff's safety. Moreover, Plaintiff does not allege facts demonstrating that his safety was actually threatened. Plaintiff appears to speculate that the contents of the mail could put his life in danger from other inmates, but includes no factual allegations that he was threatened or that other inmates discovered the contents of Plaintiff's mail and threatened him or injured him based on the contents of that mail. Accordingly, Plaintiff fails to state a claim against Defendant Doe in his Complaint and Defendant Doe will be dismissed.

### V.  Leave to Amend

For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to state a claim upon which relief may be granted. Within 30 days, Plaintiff may submit a

first amended complaint to cure the deficiencies outlined above.  The Clerk of Court will mail Plaintiff a court-approved form to use for filing a first amended complaint.  If Plaintiff fails to use the court-approved form, the Court may strike the amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint."  The first amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint by reference.  Plaintiff may include only one claim per count.

If Plaintiff files an amended complaint, Plaintiff must write short, plain statements telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the Defendant who violated the right; (3) exactly what that Defendant did or failed to do; (4) how the action or inaction of that Defendant is connected to the violation of Plaintiff's constitutional right; and (5) what specific injury Plaintiff suffered because of that Defendant's conduct.  *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

Plaintiff must repeat this process for each person he names as a Defendant.  If Plaintiff fails to affirmatively link the conduct of each named Defendant with the specific injury suffered by Plaintiff, the allegations against that Defendant will be dismissed for failure to state a claim.  **Conclusory allegations that a Defendant or group of Defendants has violated a constitutional right are not acceptable and will be dismissed**.

A first amended complaint supersedes the original complaint.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the Court will treat an original complaint as nonexistent.  *Ferdik*, 963 F.2d at 1262.  Any cause of action that was raised in the original complaint and that was voluntarily dismissed or was dismissed without prejudice is waived if it is not alleged in a first amended complaint.  *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

. . . .

## VI. Warnings

### A. Release

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

### B. Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### C. Copies

Plaintiff must submit an additional copy of every filing for use by the Court. *See* LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### D. Possible "Strike"

Because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

### E. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik*, 963

1  F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any
2  order of the Court).

3  **IT IS ORDERED:**

4  (1)  Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 2) is **granted**.

5  (2)  As required by the accompanying Order to the appropriate government
6  agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing
7  fee of $8.00.

8  (3)  The Complaint (Doc. 1) is **dismissed** for failure to state a claim. Plaintiff
9  has **30 days** from the date this Order is filed to file a first amended complaint in
10 compliance with this Order.

11 (4)  If Plaintiff fails to file an amended complaint within 30 days, the Clerk of
12 Court must, without further notice, enter a judgment of dismissal of this action with
13 prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g).

14 (5)  The Clerk of Court must mail Plaintiff a court-approved form for filing a
15 civil rights complaint by a prisoner.

16 DATED this 6th day of March, 2014.

_____
Robert C. Broomfield
Senior United States District Judge