WO

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

Tracy Douglas Hoops,

                Plaintiff,

   vs.

Joseph M. Arpaio, et al.,

                Defendants.

No. CV 14-00043-PHX-RCB

**O R D E R**

On January 9, 2014, Plaintiff Tracy Douglas Hoops, who is confined in the Maricopa County Lower Buckeye Jail, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*.  In a March 7, 2014 Order, the Court granted the Application to Proceed and dismissed the Complaint because Plaintiff had failed to state a claim.  The Court gave Plaintiff 30 days to file an amended complaint that cured the deficiencies identified in the Order.

On March 25, 2014, Plaintiff filed his First Amended Complaint (Doc. 7).  The Court will dismiss Defendant Arpaio and grant Plaintiff 60 days in which to file a notice of substitution substituting the actual names of John Doe and the Jail Commander.

**I.**     **Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff

JDDL

has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.* (citation omitted).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (citation omitted).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citation omitted).  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679 (citation omitted).  Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct.  *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally."  *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).  A "complaint [filed by a pro se prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'"  *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

## II.     First Amended Complaint

In his First Amended Complaint, Plaintiff alleges two counts against Joseph M. Arpaio, Sheriff of Maricopa County; John Doe, second shift floor officer at the Lower Buckeye Jail; and the "Jail Commander" at the Lower Buckeye Jail.

. . . .

JDDL

In Count One, Plaintiff alleges that his Fourteenth Amendment rights were violated as follows: On June 7, 2013 and August 6, 2013, John Doe delivered Plaintiff's mail to another inmate.  The letters were privileged letters sent through Inmate Legal Services ("ILS") to Plaintiff's attorney, which ILS photocopied and returned to Plaintiff through the inmate jail system.  John Doe had been briefed in the past about checking identification when handing out mail to avoid "this situation."  The contents of the letters contained information about Plaintiff's interviews with law enforcement, details of cases in which Plaintiff is testifying, and information about inmates that were attempting to hinder prosecution.  John Doe was briefed by Sergeant Berntson about the risks to inmate safety from delivering legal mail to the wrong inmate, but was deliberately indifferent to that risk by failing to ensure the mail was delivered to the correct inmate.  Plaintiff's mail was sent to the "Westside City Crip members" and "Hindu Mafia Family members" and, as a result, Plaintiff was threatened on two occasions in the jail and Plaintiff has people who want to kill him upon his release.

In Count Two, Plaintiff alleges that his Fourteenth Amendment rights were violated as follows: On March 5, 2014, the Jail Commander issued an order allowing maximum security inmates to shave during their hour out, which allows six inmates with razors that could be used as weapons into the population twelve times per day in a maximum security setting.  The past policy was to lock all maximum security inmates in their cells and give razors to each inmate to protect staff and inmates from violent assaults.  The new policy creates a substantial risk of violence and an immediate threat to the safety of inmates and detention staff.  Detention staff have voiced concerns about this policy.  Defendant Arpaio is the Sheriff and chief policymaker within all MCSO Jails and publicly boasts when inmates are killed.  Recent inmate and staff assaults, including a recent murder in the pod next to Plaintiff, show there is a dangerous environment.

Plaintiff solely seeks injunctive relief.

. . . .

. . . .

### III.   Failure to State a Claim

To prevail in a 42 U.S.C. § 1983 claim, a plaintiff must show that (1) acts by the defendants (2) under color of state law (3) deprived him of federal rights, privileges or immunities and (4) caused him damage.  *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163-64 (9th Cir. 2005) (quoting *Shoshone-Bannock Tribes v. Idaho Fish & Game Comm'n*, 42 F.3d 1278, 1284 (9th Cir. 1994)).  In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant.  *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

Plaintiff fails to state a claim against Defendant Arpaio in his Complaint.  "A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights."  *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).  For an individual to be liable in his official capacity, a plaintiff must allege that the official acted as a result of a policy, practice, or custom.  *See Cortez v. County of Los Angeles*, 294 F.3d 1186, 1188 (9th Cir. 2002) (citation omitted).  Further, there is no respondeat superior liability under § 1983, so a defendant's position as the supervisor of someone who allegedly violated a plaintiff's constitutional rights does not make him liable.  *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658, 691 (1978); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (citation omitted).  A supervisor, in his individual capacity, "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them."  *Taylor*, 880 F.2d at 1045.

The only fact in Plaintiff's Complaint about Defendant Arpaio is that he "is the Sheriff and chief policymaker within all MCSO Jails and publicly boasts when inmates are killed."  Plaintiff does not link Defendant Arpaio's policymaking authority to any allegations in his Complaint.  Moreover, Plaintiff does not allege facts to support that Plaintiff's constitutional rights were violated as a result of a specific policy or custom promulgated or endorsed by Arpaio.  Finally, Plaintiff does not allege that Arpaio directly

violated his constitutional rights.   Accordingly, Plaintiff fails to state a claim against Arpaio and he will be dismissed.

**IV.     Service Cannot Be Effected at this Time**

Liberally construed, Plaintiff states a Fourteenth Amendment claim based on threat to safety against Defendant Doe in Count One and Defendant "Jail Commander" in Count Two.   However, the Court cannot direct that service be made on John Doe and "Jail Commander" at this time.   Generally, the use of fictitious names to identify defendants is not favored, and as a practical matter, it is in most instances impossible for the United States Marshal to serve a summons and complaint upon a fictitiously identified defendant.

The Court will allow Plaintiff 60 days in which to identify the Defendants by name, through *subpoena* or otherwise, and to substitute those names for John Doe and Jail Commander by filing a "notice of substitution." *See Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)) (where identity of alleged defendants will not be known prior to filing of complaint, plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds).   Failure to timely file a notice of substitution will result in the dismissal of this action without prejudice for failure to prosecute.

**V.     Warnings**

**A.     Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release.   Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot.   Failure to comply may result in dismissal of this action.

. . . .

. . . .

**B.     Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

**C.     Copies**

Plaintiff must submit an additional copy of every filing for use by the Court.  *See* LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**D.     Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     Defendant Arpaio is **dismissed**.

(2)     Plaintiff is granted **60 days** from the filing date of this Order in which to discover by subpoena, or otherwise, the identities of Defendant John Doe and Defendant Jail Commander and to file a "notice of substitution" providing the Defendants' names in place of John Doe and Jail Commander.

(3)     The Clerk of Court must issue two subpoenas in blank and send them to Plaintiff.

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

(4)     The Clerk of Court must enter a judgment of dismissal for failure to prosecute without prejudice and without further notice to Plaintiff, if Plaintiff fails to file a "notice of substitution" of parties within 60 days from the filing date of this Order.

DATED this 2nd day of May, 2014.


Stephen M. McNamee
Senior United States District Judge